# Exhibit 1

**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Shireen M. Clarkson (SBN 237882)
sclarkson@clarksonlawfirm.com
Matthew T. Theriault (SBN 244037)
mtheriault@clarksonlawfirm.com
Bahar Sodaify (SBN 289730)
bsodaify@clarksonlawfirm.com
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiffs*

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**9/19/2019 2:40 PM**
**Arlene D. Junior, Clerk of the Court**
**By: Diane Cheney, Deputy Clerk**

IN THE SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF SOMONA

| | |
|---|---|
| LINDA CHESLOW and STEVEN PRESCOTT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GHIRARDELLI CHOCOLATE COMPANY, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  SCV-265203<br><br>CLASS ACTION COMPLAINT<br><br>1.  VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE § 17200, *et seq*.<br>2.  FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500, *et seq*.<br>3.  VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE § 1750, *et. Seq*.<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Linda Cheslow and Steven Prescott ("Plaintiffs"), individually and on behalf of all other similarly situated purchasers (the "Class") of  Ghirardelli's Premium Baking Chips Classic White Chips (the "Product") bring this class action against Ghirardelli Chocolate Company ("Ghirardelli" or "Defendant") and Does 1 through 10, inclusive (collectively, "Defendants"), and allege as follows.

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

## SUMMARY OF THE ACTION

1.      Ghirardelli, a company synonymous with chocolate, sells fake white chocolate baking chips and tries to pass them off as white chocolate.

2.      Ghirardelli is a multi-billion-dollar company[1] and a highly visible competitor in the global chocolate market. In 2018, Ghirardelli generated $4.4 billion dollars worldwide and $1.7 billion in North America.

3.      According to its 2018 Annual Shareholder Report, Ghirardelli is the number one premium brand of chocolate in the United States.

4.      Ghirardelli's profits are attributable, in part, to its deceptive labeling and advertising of its purported white chocolate product called Ghirardelli Premium Baking Chips Classic White Chips.[2] In reality, the Product does not contain *any* white chocolate.  It is fake white chocolate.



5.      Upon information and belief, Ghirardelli used to sell real white chocolate baking chips in the recent past. Ghirardelli used actual white chocolate to develop a loyal consumer base of the Product and propel the company to the self-described #1 premium chocolate brand in the U.S. But at some point, Ghirardelli pulled a classic "bait and switch," covertly swapping out its real white chocolate for fake white chocolate.

---

[1] *See* Ghirardelli's Annual Report to Stockholders and Other Reports, https://www.lindt-spruengli.com/fileadmin/user_upload/corporate/WEB_GB18_Gesamt_en_low.pdf (last visited August 26, 2019).

[2] *See* screenshots from Defendant's official website, https://www.ghirardelli.com/classic-white-baking-chips-%2812-ct---11-oz-ea%29-61065cs (last visited August 26, 2019).

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

1  
2  
3  
4  

6.     The Product packaging and official website advertises the Product as "Classic White" "Premium Baking Chips" which, together with Ghirardelli's other advertising and business practices, misleads reasonable consumers into thinking that the Product contains premium ingredients, not fake white chocolate. "Premium" is defined as "of exceptional quality or amount."[3]

5  
6  
7  
8  

7.     Reasonable consumers do not expect the Product to include fake white chocolate made of inferior—not premium—ingredients like hydrogenated and palm oils. Ghirardelli Chocolate Company is synonymous with chocolate, as it is the self-described #1 premium chocolate brand in the U.S.

9  
10  
11  
12  
13  
14  
15  

8.     Ghirardelli manufactures other chocolate varieties of the Product, which it sells alongside its fake white chocolate Product at retail outlets throughout California and the United States. Ghirardelli labels these other products by type of chocolate: "milk chocolate," "bittersweet chocolate," and "semi-sweet." Therefore, the "white" in "white baking chips" deceives reasonable consumers into thinking it represents the type of chocolate in the Product, *white* chocolate. True and correct representations of some of Defendant's other versions of the Product within the same line of products[4] are depicted below.

16  
17  
18  
19  
20  
21  
22  
23  
24  



25  
26  

[3] *Premium,* MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/premium (last visited on August 26, 2019).

27  
28  

[4] There are six versions of the Product within the same line of products, including the Product: Milk Chocolate, Bittersweet Chocolate, Semi-Sweet Chocolate, Classic White, Grand Chips Semi-Sweet Chocolate, and Semi-Sweet Chocolate Mini.

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069



9.    Consumers reasonably and detrimentally rely on Ghirardelli's representations of the Products as real chocolate, not fake chocolate, in making their purchase decisions.

10.   Ghirardelli is aware that reasonable consumers are misled into believing the Product contains real white chocolate but refuses to make any labeling and advertising changes, such as labeling its Product "Vanilla Flavored Chips," or "Vanilla Chips," or "Does not contain chocolate," or "not white chocolate," or the like, to dispel the consumer deception.

11.   In fact, consumers have complained about the Product on numerous consumer protection and retailer websites, such as Amazon.com, stating, "Because of Ghirardelli's reputation, I didn't look at the ingredient list when I purchased the white chips; this was a big

4

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

mistake. There is no cocoa butter in them, and I was disgusted by the end product. I wasted over $50 and hours of my time using this in a product that I was giving as a holiday gift. Needless to say, I threw the end product away […].” True and correct screenshots of the consumer reviews of the Product on the third party website Amazon.com are depicted below in Figure 1.

12.     Another consumer complained that the Product is “Not white chocolate. ... [T]hey are made from Palm Kernel oil, not cocoa butter. They are not white chocolate and they do not taste like white chocolate.” *See* Figure 1, *infra*.

13.     Yet another consumer complained, “They don't show you the ingredient list because there is no chocolate in them.” *See* Figure 1, *infra*.

14.     The Product misrepresents it contains white chocolate, as a consumer complained, “There is no cocoa butter in this product.” *See* Figure 1, *infra*.

**Figure 1-3**: Screenshots below taken from Amazon.com revealing that consumers are misled by Ghirardelli's labeling and advertising of the Product to think that the Product contains white chocolate when it does not.

***Figure 1***.



***Figure 2***.



*Figure 3*.



15.     Most consumers purchase the Product to bake with, as Plaintiffs did. Defendant advertises on its official website, as well on the Product packaging, baking recipes that require the use of the Product. However, because the Product does not contain white chocolate, it does not melt like chocolate. Yet, the Product's deceptive labeling and advertising leads reasonable consumers to believe that the Product is white chocolate and should therefore melt during baking. Thus, consumers are surprised when the Product does not melt. True and correct representations of the consumer reviews of the Product not melting as expected are depicted in Figures 4-5 below.

16.     In fact, Defendant advertises on its Product packaging that the Product will "[e]levate your baking from great to extraordinary with our top quality, premium ingredients to create a rich, smooth flavor and silky texture. [B]ake to impress." There is nothing "premium" about fake white chocolate and consumers cannot "bake to impress" because the Product does not contain, let alone taste or melt like, white chocolate.

17.     For example, one consumer complained, "…I cooked the white chocolate in a double boiler for 20 minutes, without any result, the chips turned into a mush the consistency of cream cheese, but wouldn't melt further. I have now learned that these chips aren't chocolate at all, it was such a waste of money!" *See* Figure 4, *infra*.

18.     Another consumer complained, "…They don't melt worth a darn, so don't try using them for dipping. I'm very unsatisfied!"  *See* Figure 5, *infra*.

///

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

**Figure 4-5**: Screenshots below taken from Amazon.com revealing that consumers are misled by Ghirardelli's labeling and advertising of the Product as containing white chocolate and are therefore surprised when the Product does not melt as expected from white chocolate.

*Figure 4*.



*Figure 5*.



19.    The Product is labeled "white" and advertised as "Premium Classic White," on Defendant's official website, point of purchase display, and is offered for sale side-by-side with Defendant's milk chocolate and semi-sweet chocolate baking chips. Taken as a whole, the Product's labeling and advertising misleads reasonable consumers into believing it contains white chocolate, not fake chocolate.

7

20.     Plaintiffs seek injunctive relief and restitution against Defendant for false and misleading advertising in violation of Business and Professions Code Section 17200, *et seq*., Business and Professions Code Section 17500, *et seq*., and Civil Code Section 1750, *et seq*. Defendant made and continues to make these false and misleading statements in its labeling and advertising of the Product. Compliance with remedial statutes like those underlying this lawsuit will benefit Plaintiffs, the putative class, consumers, and the general public.

21.     The false and misleading labeling and advertising of the Product violates the California Consumers Legal Remedies Act, particularly California Civil Code Sections 1770(a)(5), 1770(a)(7), and 1770(a)(9).  As such, Defendant has committed *per se* violations of Business and Professions Code Section 17200, *et seq*., and Business and Professions Code Section 17500.

22.     On June 12, 2019, the putative class provided Defendant with notice of these violations via certified U.S. mail pursuant to Civil Code Section 1750, *et seq*.

## JURISDICTION AND VENUE

23.     This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, Section 10, because this case is a cause not given by statute to other trial courts.  Plaintiffs have standing to bring this action pursuant to Business and Professions Code Section 17200, *et seq*.

24.     Venue is proper in this Court because Plaintiff Cheslow purchased the Product in Sonoma County; Defendant receives substantial compensation from sales in Sonoma County; and Defendant made numerous misrepresentations which had a substantial effect in Sonoma County, including, but not limited to, label, point of purchase displays, and internet advertisements.

25.     Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between Defendants and California.  Defendants are authorized to do and doing business in California.

///

///

///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

8

**PARTIES**

26.     Plaintiff Cheslow is an individual residing in Santa Rosa, California. Plaintiff purchased the Product in California within the last four (4) years of the filing of this Complaint. Specifically, Plaintiff Cheslow purchased the Product in or around December 2018 at a Target store located at 950 Coddingtown Center in Santa Rosa, California. In making her purchase decision, Plaintiff Cheslow relied upon the labeling and advertising of the Product, which she reasonably believed to be "white chocolate," not fake white chocolate.

27.     Plaintiff Prescott is an individual residing in Santa Cruz, California. Plaintiff Prescott purchased the Product in California within the last four (4) years of the filing of this Complaint. Specifically, Plaintiff Prescott purchased the Product in late 2018 or early 2019 at a Target store located at 1825 41st Avenue in Capitola, California. In making his purchase decision, Plaintiff Prescott relied upon the labeling and advertising of the Product, which he reasonably believed to be "white chocolate," not fake white chocolate.

28.     The labeling and advertising of the Product were prepared and approved by Defendant and its agents and disseminated through its packaging, label, and national advertising media, containing the misrepresentations alleged herein and designed to encourage consumers to purchase the Product. Plaintiffs purchased the Product in reasonable and detrimental reliance upon these "white chocolate" misrepresentations.  Had Plaintiffs known the Product was not white chocolate, they would not have purchased the Product. Plaintiffs would purchase the Product again in the future if they could be sure that the Product was white chocolate or if Defendant dispelled any confusion that the Product does not contain white chocolate in its labeling, packaging, and advertising of the Product.

29.     Ghirardelli Chocolate Company is a corporation headquartered in California. Ghirardelli maintains its principal place of business at 1111 139th Avenue, San Leandro, California 94578. Ghirardelli offers the Products for sale at stores and retailers as well as through the internet, throughout the nation, including the State of California. Ghirardelli, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

State of California.  Ghirardelli is one of the owners and distributors of the Product and is the company that created and/or authorized the false, misleading, and deceptive advertisements and packaging for the Product.

30.      The true names and capacities, whether individual, corporate, associate, or otherwise of certain manufacturers, distributors, and/or their alter egos sued herein as DOES 1 through 10 inclusive are presently unknown to Plaintiffs who therefore sue these Defendants by fictitious names.  Plaintiffs will seek leave of this Court to amend the Complaint to show their true names and capacities when the same have been ascertained. Plaintiffs are informed and believe and based thereon allege that DOES 1 through 10 were authorized to do and did business in Sonoma County. Plaintiffs are further informed and believe and based thereon allege that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiffs for the unfair business practices set forth herein.

31.      Plaintiffs are informed and believe and based thereon allege that at all times relevant herein each of the Defendants was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego, or other representative of each of the remaining Defendants and was acting in such capacity in doing the things herein complained of and alleged.

32.      In committing the wrongful acts alleged herein, Defendants planned and participated in and furthered a common scheme by means of false, misleading, deceptive, and fraudulent representations to induce members of the public to purchase the Product. Defendants participated in the making of such representations in that each did disseminate or cause to be disseminated said misrepresentations.

33.      Defendants, upon becoming involved with the manufacture, distribution, advertising, labeling, marketing, and sale of the Product, knew or should have known that the claims about the Product and, in particular, the claims suggesting that the Product is white chocolate when it is not. Defendants affirmatively misrepresented the nature and characteristics of the Product in order to convince the public to purchase and consume the Product, resulting in, upon information and belief, profits of millions of dollars or more to Defendants, all to the detriment of the consuming public.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

1   Thus, in addition to the wrongful conduct herein alleged as giving rise to primary liability,

2   Defendants further aided and abetted and knowingly assisted each other in breach of their respective

3   duties and obligations as herein alleged.

4   **FACTS AND DEFENDANTS' COURSE OF CONDUCT**

5   34.   Defendant's labeling, advertising, marketing, and packaging of the Product as

6   containing white chocolate is false, misleading, and deceptive because the Product does not contain

7   any white chocolate. Accordingly, reasonable consumers are consistently misled into paying for

8   the Product without knowing that it is devoid of white chocolate.

9   35.   The Food and Drug Administration ("FDA") has issued regulations defining "white

10  chocolate," and those regulations have been adopted by the State of California as part of the

11  Sherman Food, Drug, and Cosmetic Law, California Health and Safety Code § 109875, *et seq.*

12  Specifically, the FDA defines white chocolate as follows:

13      (1) White chocolate is the solid or semi plastic food prepared by intimately mixing and
        grinding cacao fat with one or more of the optional dairy ingredients specified in
14      paragraph (b)(2) of this section and one or more optional nutritive carbohydrate
        sweeteners and may contain one or more of the other optional ingredients specified in
15      paragraph (b) of this section. White chocolate shall be free of coloring material. (2)
        White chocolate contains not less than 20 percent by weight of cacao fat…The finished
16      white chocolate contains not less than 3 .5 percent by weight of milkfat...

17  Title 21 Code of Federal Regulations Section 163.124.

18  36.   One of the reasons the FDA established the foregoing standard of identity for white

19  chocolate was due in part to "[r]educing economic deception and promoting honesty and fair

20  dealing in the interest of consumers."[5] Yet, Defendant has done the opposite here by misleading

21  unsuspecting consumers about the purported presence of white chocolate in its Product.

22  37.   Plaintiffs are not alleging non-compliance with the FDCA or the FDA's standard of

23  identity for white chocolate; Plaintiffs are alleging that Defendant misrepresents the Product as

24  white chocolate when it is not.

25      ///

26

27  [5] *See, White Chocolate; Establishment of a Standard of Identity* (October 4, 2002), Federal
    Register: The Daily Journal of the United States Government,
28  https://www.federalregister.gov/d/02-25252/p-7 (last visited August 26, 2019).

38.     The Product does not contain any white chocolate, cocoa butter, cocoa fat, or other cocoa derivative as required by the FDA. Instead, the Product contains: Sugar, Palm Kernel Oil, Whole Milk Powder, Nonfat Dry Milk, Palm Oil, Soy Lecithin, and Vanilla Extract. Despite the foregoing, the Product is advertised as if it contains white chocolate.

39.     Plaintiffs and reasonable consumers reasonably believed the Product contains white chocolate based on the labeling, advertising, and marketing of the Product. Also, there are other versions of the Product within the same line of products, such as milk chocolate, semi-sweet chocolate, and bittersweet chocolate, which are displayed for sale directly adjacent to the Product, thereby further adding to the deception that the Product is white chocolate.

40.     The Product is marketed and sold at retail stores throughout California and the United States.

41.     In addition to the packaging and labeling of the Products, Defendant's official website (https://www.ghirardelli.com/) misleads consumers to believe that the Product contains white chocolate.

42.     After receiving statutory notice of these claims on June 12, 2019, Ghirardelli implemented advertising changes on its official website in regards to the Product. The screenshots that appear herein were included in said June 12 letter and show what the website looked like prior to Defendant receiving statutory notice and making subsequent changes.

///

///

///

///

///

///

///

///

///

CLASS ACTION COMPLAINT

1    **Figure 3**: Screenshot below of Defendant's official website taken June 12, 2019 depicts the

2    word "chocolate" on the Product packaging (circled in red).



CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

23   ///

24   ///

25   ///

26   ///

27   ///

28

13

CLASS ACTION COMPLAINT

1

**Figure 4:** Screenshot below of Defendant's official website taken September 5, 2019 reveals

2

that the word "chocolate" on the Product packaging has been removed (circled in red).



15    43.    When purchasing the Product, Plaintiffs relied upon the label "white" and "Premium

16   White" and "Classic White" as well as the overall labeling, advertising, and marketing of the

17   Product as white chocolate, and was led to reasonably believe based on the foregoing, that the

18   Product contains white chocolate. Had Plaintiffs known the Product did not contain white

19   chocolate, then they would not have purchased it.  However, if the Product were to actually contain

20   white chocolate or Defendant would dispel the deception that the Product does not contain white

21   chocolate in its labeling, packaging, and advertising, Plaintiffs would repurchase it in the future.

22    44.    Upon information and belief, during the course of its false, misleading, and deceptive

23   labeling and advertising campaign, Defendant has sold millions of units or more of the Product

24   based upon Defendant's false promises. Plaintiff and the Class have suffered injury in fact and have

25   lost money as a result of Defendant's false representations.

26   ///

27   ///

28

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CLASS ACTION ALLEGATIONS

45.    Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated.  The Class which Plaintiff seeks to represent comprises:

> "All persons who purchased the Product in the United States or, alternatively, in California, for personal consumption and not for resale during the time period of four years prior to the filing of the complaint through the present."

Said definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

46.    The Class is comprised of millions of consumers throughout United States and/or State of California. The Class is so numerous that joinder of all members is impracticable and the disposition of their claims in a class action will benefit the parties and the Court.

47.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented in that the Class was exposed to the same common and uniform false and misleading advertising and omissions. The questions of law and fact common to the Class predominate over questions which may affect individual Class members.  Common questions of law and fact include, but are not limited to, the following:

a.    Whether Defendant's conduct is an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

b.    Whether Defendant's conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

c.    Whether Defendant's conduct is an unfair business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

d.    Whether Defendant's advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq*.;

e.    Whether Defendant made false and misleading representations in its advertising and labeling of the Product;

CLASS ACTION COMPLAINT

f.   Whether Defendant knew or should have known that the representations were false; and,

g.   Whether Defendant represented that the Products have characteristics, benefits, uses, or quantities which they do not have.

48.   Plaintiff's claims are typical of the claims of the proposed Class, as the representations and omissions made by Defendant are uniform and consistent and are contained in advertisements and on packaging that was seen and relied on by Plaintiffs and members of the Class.

49.   Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class.  Plaintiffs have retained competent and experienced counsel in class action and other complex litigation.

50.   Plaintiffs and the Class have suffered injury in fact and lost money as a result of Defendant's false, deceptive, and misleading representations.

51.   Plaintiffs would not have purchased the Product but for the representations by Defendant about the Product.

52.   The Class is identifiable and readily ascertainable.  Notice can be provided to such purchasers using techniques and a form of notice similar to those customarily used in class actions, and by internet publication, radio, newspapers, and magazines.

53.   A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually.

54.   The trial and the litigation of Plaintiffs' claims are manageable.

55.   Defendant has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual member of the Class that would establish incompatible standards of conduct for Defendant.

56.     Absent a class action, Defendant will likely retain the benefits of its wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.  Absent a representative action, the Class members will continue to suffer losses and Defendant will be allowed to continue these violations of law and to retain the proceeds of its ill-gotten gains.

### FIRST CAUSE OF ACTION:

### VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW

### BUSINESS & PROFESSIONS CODE § 17200, *et seq*.

**(By Plaintiff against all Defendants)**

57.     Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs and incorporate the same as if set forth herein at length.

58.     This cause of action is brought pursuant to Business and Professions Code Section 17200, *et seq*., on behalf of Plaintiff and a Class consisting of all persons residing in the United States and/or State of California who purchased the Product for personal use and not for resale during the time period of four years prior to the filing of the complaint through the present.

59.     Defendant in its advertising and packaging of the Product make false and misleading statements regarding the quality and characteristics of the Product, particularly that it contains white chocolate when it does not.  Such claims appear on the label and packaging of the Product which are sold at retail stores nationwide, point-of-purchase displays, as well as Ghirardelli's official website, and other retailers' advertisements which have adopted Ghirardelli's advertisements.

60.     Defendant's labeling and advertising of the Product led and continues to lead reasonable consumers, including Plaintiffs, to believe that the Product contains white chocolate.

61.     Defendant does not have any reasonable basis for labeling and advertising the Product the claims about the Product as if it contains white chocolate when it does not.

62.     Defendant knows that the white chocolate representations it made and continues to make about the Product are false and misleading and deceives reasonable consumers. *See* Paragraph 31, *supra*.

17

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

63.     As alleged in the preceding paragraphs, the misrepresentations by Defendant of the material facts detailed above constitute an unfair, unlawful, and fraudulent business practice within the meaning of California Business and Professions Code Section 17200.

64.     In addition, Defendant's use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise which are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business and Professions Code Sections 17200 and 17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business and Professions Code Section 17200.

65.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

66.     All of the conduct alleged herein occurs and continues to occur in Defendant's business.  Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

67.     Pursuant to Business and Professions Code Sections 17203 and 17535, Plaintiffs and the members of the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of labeling and advertising the sale and use of the Product and/or to disclose such misrepresentations. Plaintiffs also seek restitution.

68.     Plaintiffs and the Class have suffered injury in fact and have lost money or property as a result of and in reliance upon Defendant's false representations.

69.     Plaintiffs would not have purchased the Product but for the representations by Defendant about the Product as containing white chocolate.

70.     Plaintiffs would repurchase the Product in the future if it actually contained white chocolate or if Defendant dispelled any confusion that the Product does not contain white chocolate in its labeling, packaging, and advertising of the Product.

///

///

18

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SECOND CAUSE OF ACTION:

## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500, *et seq.*

**(By Plaintiff against all Defendants)**

71.     Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

72.     This cause of action is brought pursuant to Business and Professions Code Section 17500, *et seq.*, on behalf of Plaintiffs and the Class consisting of all persons residing in the United States and/or State of California who purchased the Product for personal consumption and not for resale during the time period of four years prior to the filing of the complaint through the present.

73.     Defendant in its advertising and packaging of the Product make false and misleading statements regarding the quality and characteristics of the Product, particularly that it contains white chocolate.  Such representations appear on the Product packaging and official website.

74.     Defendant's claims about the Product lead reasonable consumers to believe that the Product contains white chocolate.

75.     Defendant does not have any reasonable basis for its white chocolate representations.

76.     Defendant knew or should have known that its white chocolate representations are false and misleading. *See* Paragraph 31, *supra.*

77.     Plaintiffs would not have purchased the Product but for the representations by Defendant that the Product is white chocolate.

78.     Plaintiffs and the Class have suffered injury in fact and lost money as a result of and in reasonable and detrimental reliance upon Defendant's false representations.

79.     As alleged in the preceding paragraphs, the misrepresentations by Defendant of the material facts detailed above constitute an unfair, unlawful, and fraudulent business practice within the meaning of California Business and Professions Code Section 17500.

80.     In addition, Defendant's use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise which are not as represented in

1   any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and

2   an unlawful business practice within the meaning of Business and Professions Code sections 17200

3   and 17531, which advertisements have deceived and are likely to deceive the consuming public, in

4   violation of Business and Professions Code Section 17500.

5       81.   Pursuant to Business and Professions Code Sections 17203 and 17535, Plaintiffs and

6   the members of the Class seek a court order enjoining Defendant from continuing to deceptively

7   advertise and label the Product as if it is white chocolate. Plaintiffs also seek restitution.

## THIRD CAUSE OF ACTION:

## VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT,

## CALIFORNIA CIVIL CODE § 1750, *et seq.*

### (By Plaintiff against all Defendants)

12      82.   Plaintiffs repeat and re-alleges the allegations set forth in the preceding paragraphs

13  and incorporates the same as if set forth herein at length.

14      83.   This cause of action is brought pursuant to Civil Code Section 1750, *et seq.*, the

15  Consumers Legal Remedies Act ("CLRA"), on behalf of Plaintiff and a Class consisting of all

16  persons residing in the United States and/or State of California who purchased the Product for

17  personal consumption and not for resale during the time period of four years prior to the filing of

18  the complaint through the present.

19      84.   The Class consists of millions of persons, the joinder of whom is impracticable.

20      85.   There are questions of law and fact common to the class, which questions are

21  substantially similar and predominate over questions affecting the individual members, as set forth

22  in Paragraph 3, *supra.*

23      86.   The white chocolate misrepresentations described herein were intended to increase

24  sales to the consuming public, and violated and continue to violate Section 1770(a)(5) of the CLRA

25  by representing that the Product has characteristics and benefits which it does not have.

26      87.   Defendants fraudulently deceived Plaintiffs and the Class by representing that the

27  Product has certain characteristics, benefits, and qualities which it does not have. In doing so,

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

Defendant intentionally misrepresented and concealed material facts from Plaintiffs and the Class, specifically by claiming and advertising that the Product contains white chocolate when in fact it contains a cheaper, unhealthier blend of sugars and hydrogenated oils. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class, and depriving them of their legal rights and money.

88.     Defendant's claims about the Product led and continues to lead consumers like Plaintiff to reasonably believe that the Product contains white chocolate.

89.     Defendant knew or should have known that advertising and labeling the Product as "Premium White" and "Class White," among other deceptive practices, would confuse reasonable consumers into thinking the Product actually contains white chocolate. *See* Figure 1, Figure 2, and Paragraph 31, *supra.*

90.     Plaintiffs and the Class have suffered injury in fact as a result of and in reliance upon Defendant's false representations.

91.     Plaintiffs would not have purchased the Product but for the misrepresentations by Defendant about the Product containing white chocolate.

92.     Pursuant to Section 1780(a) of the CLRA, Plaintiffs seek injunctive relief in the form of an order enjoining the above-described wrongful acts and practices of Defendant, including, but not limited to, an order enjoining Defendant from continuing to make the representations set forth above that the Product contains white chocolate. Plaintiffs also seek restitution.

93.     Plaintiffs shall suffer irreparable harm if such an order is not granted.

///

///

///

///

///

///

////

CLASS ACTION COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray for judgment and relief on all Causes of Action as follows:

      A.  An order enjoining Ghirardelli from labeling and advertising the Product as if it is white chocolate;

      B.  Restitution; and

      C.  Reasonable attorneys' fees and costs.

**JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all triable issues.

DATED: September 19, 2019           **CLARKSON LAW FIRM, P.C.**

Ryan J. Clarkson, Esq.
Shireen M. Clarkson, Esq.
Matthew T. Theriault, Esq.
Bahar Sodaify, Esq.

*Attorneys for Plaintiffs*

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Shireen M. Clarkson (SBN 237882)
sclarkson@clarksonlawfirm.com
Matthew T. Theriault (SBN 244037)
mtheriault@clarksonlawfirm.com
Bahar Sodaify (SBN 289730)
bsodaify@clarksonlawfirm.com
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiffs*

ELECTRONICALLY FILED
Superior Court of California
County of Sonoma
9/19/2019 2:40 PM
Arlene D. Junior, Clerk of the Court
By: Diane Cheney, Deputy Clerk

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF SONOMA**

| | |
|---|---|
| LINDA CHESLOW and STEVEN PRESCOTT, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>    vs.<br><br>GHIRARDELLI CHOCOLATE COMPANY, and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No.   SCV-265203<br><br>CLASS ACTION<br><br>**DECLARATION OF RYAN J. CLARKSON REGARDING VENUE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1780(d)** |

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

DECLARATION OF RYAN J. CLARKSON RE CCP §1780(d)

I, Ryan J. Clarkson, do hereby declare as follows:

1.      I am the managing partner of Clarkson Law Firm, P.C., counsel of record for Plaintiffs, and am licensed to practice in all courts within the State of California.  I have personal knowledge of the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2.      Pursuant to California Civil Code Section 1780(d), this Court is proper for trial of this action because Defendants are doing business in Sonoma County and the transaction at issue and the subject matter of the above-captioned action occurred in Sonoma County.

I declare and state under penalty of perjury that the foregoing is true and correct.  Executed on September 19, 2019 at Los Angeles, California.

**CLARKSON LAW FIRM, P.C.**

Ryan J. Clarkson, Esq.
Shireen M. Clarkson, Esq.
Matthew T. Theriault, Esq.
Bahar Sodaify, Esq.

Attorneys for Plaintiffs

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**9/19/2019 2:40 PM**
**Arlene D. Junior, Clerk of the Court**
**By: Diane Cheney, Deputy Clerk**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GHIRARDELLI CHOCOLATE COMPANY, and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LINDA CHESLOW and STEVEN PRESCOTT, individually and on behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Hall of Justice<br><br>600 Administration Drive, Room 107J, Santa Rosa, CA 95403 | *(Número del Caso):* SCV-265203 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ryan J. Clarkson (SBN 257074) 9255 Sunset Blvd., Ste. 804, Los Angeles, CA 90069 (213) 788-4050

| DATE:<br>*(Fecha)* | 9/19/2019 2:40 PM **ARLENE D. JUNIOR** | Clerk, by<br>*(Secretario)* | *Diane Cheney* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|

NAME: Ryan J. Clarkson (SBN 257074); Matthew T. Theriault (SBN 244037)
FIRM NAME: CLARKSON LAW FIRM, P.C.
STREET ADDRESS: 9255 Sunset Blvd., Suite 804
CITY: Los Angeles          STATE: CA     ZIP CODE: 90069
TELEPHONE NO.: (213) 788-4050     FAX NO.: (213) 788-4070
E-MAIL ADDRESS: rclarkson@clarksonlawfirm.com, mtheriault@clarksonlawfirm.com
ATTORNEY FOR (Name): Plaintiffs Linda Cheslow and Steven Prescott

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sonoma
STREET ADDRESS: 600 Administration Dr., Room 107J
MAILING ADDRESS: 600 Administration Dr., Room 107J
CITY AND ZIP CODE: Santa Rosa, CA 95403
BRANCH NAME: Hall of Justice

Plaintiff/Petitioner: Plaintiffs Linda Cheslow and Steven Prescott
Defendant/Respondent: Ghirardelli Chocolate Company

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>SCV-265203 |
|---|---|

TO (insert name of party being served): Ghirardelli Chocolate Company

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 09/24/2019

▶

Ryan J. Clarkson
(TYPE OR PRINT NAME)                               (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [ ] Other (specify):

(To be completed by recipient):

Date this form is signed: October 15, 2019

▶

Dale J. Giali
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                  ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO:<br>NAME: Ryan J. Clarkson (SBN 257074); Matthew T. Theriault (SBN 244037)<br>FIRM NAME: CLARKSON LAW FIRM, P.C.<br>STREET ADDRESS: 9255 Sunset Blvd., Suite 804<br>CITY: Los Angeles   STATE: CA   ZIP CODE: 90069<br>TELEPHONE NO.: (213) 788-4050   FAX NO.: (213) 788-4070<br>E-MAIL ADDRESS: rclarkson@clarksonlawfirm.com, mtheriault@clarksonlawfirm.com<br>ATTORNEY FOR (Name): Plaintiffs Linda Cheslow and Steven Prescott | FOR COURT USE ONLY |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sonoma |
|---|
| STREET ADDRESS: 600 Administration Dr., Room 107J |
| MAILING ADDRESS: 600 Administration Dr., Room 107J |
| CITY AND ZIP CODE: Santa Rosa, CA 95403 |
| BRANCH NAME: Hall of Justice |

| | |
|---|---|
| Plaintiff/Petitioner: | Plaintiffs Linda Cheslow and Steven Prescott |
| Defendant/Respondent: | Ghirardelli Chocolate Company |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>SCV-265203 |

TO *(insert name of party being served):* Ghirardelli Chocolate Company

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: 09/24/2019

Ryan J. Clarkson
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [X] A copy of the summons and of the complaint.
2. [ ] Other *(specify):*

*(To be completed by recipient):*

Date this form is signed: Oct. 15, 2019

Dale J. Giali, Mayer Brown
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

1    **PROOF OF SERVICE**

2        I, Theresa Struwe, declare:

3        I am employed in Los Angeles County, California.  I am over the age of eighteen years

4    and not a party to the within-entitled action.  My business address is Mayer Brown LLP, 350

5    South Grand Avenue, 25th Floor, Los Angeles, California 90071-1503.  On October 15, 2019

6    served a copy of the within document(s):

7    **NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL**

8        ☒    by transmitting electronically in portable document format (PDF) the document(s)
             listed above to the e-mail addresses set forth below on this date.  The transmission of
9            the document was reported as complete and without error.

10   Ryan J. Clarkson                          Plaintiffs
     Shireen M. Clarkson
11   Matthew T. Theriault
     Bahar Sodaify
12   Clarkson Law Firm, P.C.
     9255 Sunset Boulevard, Suite 804
13   Los Angeles, CA 90069
     Tel : (213) 788-4050
14   Fax : (213) 788-4070
     rclarkson@clarksonlawfirm.com
15   sclarkson@clarksonlawfirm.com
     mtheriault@clarksonlawfirm.com
16   bsodaify@clarksonlawfirm.com

17

18       I declare under penalty of perjury under the laws of the State of Florida that the above is

     true and correct.  Executed on October 15, 2019 at Los Angeles, California.
19

20                                             _Theresa P. Struwe_
                                               _____
21                                                    Theresa Struwe

22

23

24

25

26

27

28

717944967                                                       PROOF OF SERVICE

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>CIVIL DIVISION<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>www.sonoma.courts.ca.gov<br><br>Cheslow vs Ghirardelli Chocolate Company | (FOR COURT USE ONLY)<br><br>ENDORSED<br>FILED<br><br>SEP 19 2019<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |
|---|---|
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE,**<br>**and ORDER TO SHOW CAUSE** | Case number:<br><br>SCV-265203 |

**A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT**
**AND WITH ANY CROSS-COMPLAINT**

1. **THIS ACTION IS ASSIGNED TO HON. Patrick Broderick FOR ALL PURPOSES.**
Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.
2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.
A Case Management Conference has been set at the time and place indicated below:

| Date: 01/21/2020 Time: 3:00 PM Courtroom 16 |
|---|
| Location: Empire College Court Annex<br>3035 Cleveland Avenue<br>Santa Rosa, CA 95403 |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case.  In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.
4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.
5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference.  These may be obtained by calling (707) 521-6883 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

**ORDER TO SHOW CAUSE**
To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://sonoma.courts.ca.gov/self-help/adr.

## ELECTRONIC SERVICE OF DOCUMENTS

### Enabled by Local Rule 18.16

Voluntary e-service is available in Sonoma County.  The Court has pre-approved a Stipulation for cases in which the attorneys or parties choose e-service. A copy of the Stipulation is available under the "Civil" section in the "Division" tab of the Court website: http://www.sonoma.courts.ca.gov.  The advantages of e-service to the parties include:

| | |
|---|---|
| SAVE MONEY | Reduction in costs related to photocopying, retrieving, storing, messenger and postage fees. No special software is needed to use e-service |
| SAVE TIME | Instant service of your documents on all parties |
| SAVE SPACE | With 24/7 internet access to all documents, you do not need to house paper copies |
| GAIN CERTAINTY | Immediate confirmation of service for your records. Documents are not delayed in the mail or blocked by email spam blockers and firewalls |

To take advantage of e-service, select an e-service provider and file the signed Stipulation with the Court. Parties can then e-serve documents through the selected provider. Information about e-service providers is available at the website for the Sonoma County Bar Association: http://www.sonomacountybar.org.  The Court does not endorse one provider over another.

**To learn more about available e-service providers and their fees, please visit their website**

*Note: Hard-copy pleadings are required to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and local rules. You do not need to provide a courtesy copy of a served document to the specific department in which the matter has been assigned.*

## DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the Discovery Facilitator Program.  Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5 and applicable provisions of the Code of Civil Procedure and California Rules of Court.  This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our civil law departments.  The Sonoma County Superior Court encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute whether or not a discovery motion is filed.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at http://www.sonoma.courts.ca.gov.  On the home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program.  You can then click on either "Local Rule 4.14" to obtain the language of the local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.

### Pursuant to Local Rule 5.1.C:

The moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of any motion filed. The responding party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all opposition papers. Finally, the moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all reply papers.

**Pursuant to Local Rule 5.1.C.1**:

If any matter scheduled on the law and motion calendar is resolved, dismissed, settled or becomes moot for any reason, the moving party shall immediately notify the judicial assistant for the Assigned Judge if the motion is to be dropped from the law and motion calendar. Said notification may be made by telephone, followed by a letter of confirmation.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| —Ryan J. Clarkson (SBN 257074); Matthew T. Theriault (SBN 244037)<br>CLARKSON LAW FIRM, P.C.<br>9255 Sunset Blvd., Suite 804<br>Los Angeles, CA 90069<br>TELEPHONE NO.: (213) 788-4050     FAX NO.: (213) 788-4070<br>ATTORNEY FOR *(Name):* Plaintiff Linda Cheslow | **ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**9/19/2019 2:40 PM**<br>Arlene D. Junior, Clerk of the Court<br>**By: Diane Cheney, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sonoma
  STREET ADDRESS: 600 Administration Dr., Room 107J
  MAILING ADDRESS: 600 Administration Dr., Room 107J
  CITY AND ZIP CODE: Santa Rosa, CA 95403
  BRANCH NAME: Hall of Justice

CASE NAME:
Cheslow, et al. v. Ghirardelli Chocolate Company, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER:<br>SCV-265203 |
|---|---|---|---|
| ✓ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ **Counter**   ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
✓ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ✓ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ✓ Large number of witnesses
   b. ✓ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve           in other counties, states, or countries, or in a federal court
   c. ✓ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☐ monetary   b.✓ nonmonetary; declaratory or injunctive relief   c.☐ punitive
4. Number of causes of action *(specify):*  Three (3): CLRA, FAL, UCL
5. This case ✓ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 19, 2019
Ryan J. Clarkson
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**