**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Shireen M. Clarkson (SBN 237882)
sclarkson@clarksonlawfirm.com
Matthew T. Theriault (SBN 244037)
mtheriault@clarksonlawfirm.com
Bahar Sodaify (SBN 289730)
bsodaify@clarksonlawfirm.com
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA CHESLOW and STEVEN PRESCOTT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GHIRARDELLI CHOCOLATE COMPANY, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 4:19-cv-07467-PJH<br><br>CLASS ACTION<br><br>**PLAINTIFFS' *EX PARTE* APPLICATION TO ENLARGE TIME FOR PLAINTIFFS TO FILE RULE 12(d)/56 OPPOSITION**<br><br>[[Proposed] Order filed concurrently herewith]<br><br>Hon. Phyllis J. Hamilton<br><br>Action Filed:  September 19, 2019<br><br>Hrg. Date:   TBD/PAPERS ONLY<br>Hrg. Time:   TBD<br>Courtroom:  3 |

## *EX PARTE* APPLICATION

**I.   INTRODUCTION**

Pursuant to Local Rules 7-10 and 6-3, Plaintiffs Linda Cheslow and Steven Prescott hereby respectfully apply *ex parte* for an Order enlarging their deadline to file their opposition to the Court's Rule 12(d)/56 motion following the March 11, 2020 argument on Defendant Ghirardelli Chocolate Company's ("Ghirardelli") Rule 12(b)(6) motion. Plaintiffs provided notice of this *Ex Parte* Application on March 18, 2020. Ghirardelli stated that it does and will oppose. The bases for *Ex Parte* relief are set forth in the declaration of Matthew T. Theriault ("Theriault Decl.") being filed concurrently herewith.

The professional lives of all California litigators, judges, court personnel, and litigation-related professionals was brought to a grinding halt late last week by COVID-19. Throughout our community, lawyers from both sides of the bar, and our courts have responded by enforcing isolation policies and working cooperatively with one another to ensure litigation continues in the most reasonable and practical manner possible. There has been, with one exception, universal cooperation in continuing deadlines, hearings and trials. Ghirardelli's counsel remains this exception, refusing to stipulate to even the most pedestrian request to extend Plaintiffs' briefing deadline by two weeks. Despite Plaintiffs' repeated, good-faith efforts to obtain Ghirardelli's agreement, Ghirardelli's counsel refuses to stipulate without conditions on unrelated discovery deadlines in this case and in a completely separate matter being handled by Ghirardelli's and Plaintiffs' counsel. Although it was unnecessary to remind Ghirardelli's counsel of the national disaster, when Plaintiffs' counsel did, Ghirardelli's counsel attempted to leverage acceptance on unrelated compromises on discovery deadlines, not only in this case, but in an unrelated matter being handled by Ghirardelli's counsel and Plaintiffs' counsel.[1]

---

[1] And, no good deed goes unpunished. Ghirardelli's counsel has twice requested extensions in this case, and Plaintiffs' counsel, Clarkson Law Firm ("CLF"), granted both requests as a professional courtesy. Ghirardelli's first request was to provide it with an extension to plead, which CLF provided and which was adopted by the Court as an Order. (ECF No. 13.) Ghirardelli's counsel's second request concerned the Rule 12(b)(6) hearing, where it asked to extend the hearing date on its Rule 12(b)(6) motion from February 12 to March 11. (ECF No. 25.)  And not only did CLF grant both of Ghirardelli's counsel's requests without argument or objection, CLF did not attempt

Plaintiffs need two additional weeks to adequately oppose the Motion, thus, from March 25, 2020 to April 8, 2020. The Court ordered Ghirardelli's reply filed one week after Plaintiffs' opposition, thus, if the Court extends Plaintiffs' briefing, Ghirardelli's reply deadline should be extended from April 1 to April 15. If the Court does not grant Plaintiffs' *Ex Parte* Application, Plaintiffs will be prejudiced because they will be denied the full 14-day period offered by the Court to brief important issues of the res judicata effect, if any, of previous class action settlements on subsequent class actions. Indeed, Plaintiffs' counsel's preliminary investigation reveals that Defendants' counsel, who, aside from submitting new evidence in its Rule 12(b)(6) reply, withheld from the Court's review relevant settlement documents in the *Miller* settlement, including Plaintiff Cheslow's claim form, an accurate description of the products at issue in each lawsuit, and an accurate description of the *Miller* release. Plaintiffs need the additional time to obtain all of the relevant evidence and present them to the Court. Thus, in the alternative, the Court could treat this request as an *ex parte* application extending their time to respond based on Rule 56(d).

Thus, as a result of the personal and professional disruption caused by COVID-19, Plaintiffs' seek to extend their Rule 12(d)/56 opposition deadline from **March 25 to April 8, 2020**. Consistent with the Court's March 11 Order, Ghirardelli's one week reply deadline should be extended from **April 1 to April 15, 2020**.

## II. BACKGROUND

This consumer class action alleges that Ghirardelli deceptively advertised its "Premium Baking Chips Classic White Chips" as real white chocolate in violation of California's false adverting laws. (ECF No. 1-1, Complaint.) Ghirardelli's Rule 12(b)(6) motion was filed on December 4, 2019, Plaintiffs' opposition on January 15, 2020, and Ghirardelli's reply on January 29, 2020. (ECF Nos. 14, 18 and 20.) Ghirardelli's reply attached new evidence tending to demonstrate that Plaintiff Cheslow was a participating class member in *Miller v. Ghirardelli*, a

---

to leverage these requests with stipulations in completely separate cases being handled by the two firms, because it believes such a request would be unethical and compromise the duty owed to the clients and proposed class of both cases.

2

PLAINTIFFS' *EX PARTE* APPLICATION TO ENLARGE TIME TO FILE RULE 12(d)/56 OPPOSITION

1  **case that involved a differently labeled product**. (ECF Nos. 20-1 and 20-2.) Ghirardelli relied
2  on this new evidence to argue that Plaintiff Cheslow's claims in this action were barred based on
3  *Miller*, which involved a **differently labeled product** Plaintiff Cheslow purchased **ten years ago**,
4  far, far before the start of the class period in this lawsuit or her purchase of the newly labeled
5  Product and, in fact, before the newly labeled Product even came into existence. Although
6  Ghirardelli purportedly discovered and submitted evidence (outside the confines of a Rule
7  12(b)(6)) motion on **reply**), it failed to present the Court all of the evidence related to that
8  settlement, including Ms. Cheslow's claim form, an accurate comparison of the labels, and and
9  accurate recitation of the settlement agreement and final approval order in that case. Plaintiff
10 Cheslow wishes to provide the Court with this evidence in its opposition, but needs time to obtain
11 it because Ghirardelli omitted it. *See* Rule 56(d) ("If a nonmovant shows by affidavit or
12 declaration that, for specified reasons, it cannot present fact essential to justify its opposition, the
13 court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavit or
14 declaration or to take discovery; or (3) issue any other appropriate order.")

15         On March 11, 2020, based on the Court's review of "newly" discovered evidence on reply
16 and without the full benefit of all the relevant evidence related to *Miller*, the Court converted the
17 Rule 12(b)(6) motion into one for summary judgment pursuant to Rule 12(d), on the narrow issue
18 of whether Plaintiff Cheslow's claims in this lawsuit are barred by her participation in *Miller*.
19 (ECF No. 28.) Plaintiffs were provided two weeks to oppose (March 25, 2020) and Ghirardelli
20 was provided one week to reply (April 1, 2020). (*Id.*) Immediately after the March 11 hearing,
21 Plaintiffs ordered the hearing transcript on a three-day expedited basis. (Declaration of Matthew
22 T. Theriault, ¶¶ 3, 10-12.) To date, the hearing transcript has not been provided. (*Id.*)

23 **III.   ARGUMENT**

24       **A.    COVID-19 Has Prejudiced Plaintiffs' Ability to File Their Opposition by
25             March 25, and Exigent Circumstances Justify *Ex Parte* Relief**

26       While likely unnecessary, the Declaration of Matthew T. Theriault demonstrates that: (1)
27 COVID-19 resulted in closure of CLF almost immediately after the March 11 hearing; (2) in the

3

PLAINTIFFS' *EX PARTE* APPLICATION TO ENLARGE TIME TO FILE RULE 12(d)/56
OPPOSITION

subsequent days, CLF made all reasonable and diligent efforts to put in place processes allowing efficient and effective remote use of the firm's resources; and (3) Mr. Theriault, lead counsel on the case, was immediately required to attend to general preparations and health of his 12 year old son, as well as his son's school closure. (Theriault Decl., ¶¶ 3-5.) Moreover, as of today, March 19, 2020, the hearing transcript has not been delivered for review in connection with Plaintiffs' Rule 56 opposition. (Theriault Decl., ¶ 12.)

The Court afforded Plaintiff only 14 days to file their Rule 56 opposition. However, the Court presumably did not know during the March 11 hearing that COVID-19 transmission was far worse than reported and would result in a national emergency, causing office, court, and school closings. (Indeed, as this brief is being edited, LA County has been ordered on lockdown starting at midnight.) Plaintiffs will be severely prejudiced if the current deadline of March 25 is not extended to at least April 8, because they have lost nearly one week of time responding to a national emergency. Accordingly, the *Ex Parte* relief for a brief 14-day extension is wholly justified.

**B. Plaintiffs' Good Faith Efforts to Obtain a Stipulation from Defendant, and Defendant's Refusal to Stipulate Unless the Extension Was Made Contingent on Unrelated Issues in this Case <u>and an Entirely Different Case</u>, and Defendant Opposes this *Ex Parte* Application**

Plaintiffs made all reasonable, good faith efforts to avoid this *Ex Parte* Application. Ghirardelli's counsel's responses to these efforts speak for themselves. These responses include an outright denial (notwithstanding both of Plaintiffs' counsel acceptance of Ghirardelli's counsel's requested stipulations [*see* fn. 1]), self-righteous lecturing on COVID-19 preparedness (less than 24 hours after all of Los Angeles County is ordered on lockdown), the unnecessary rehashing of issues directly at issue in this briefing (after withholding information and documents from the Court during its review of the Rule 12(b)(6) motion, the threat of Rule 11 sanction motions, the conditioning of the extension on items wholly unrelated to the requested extension, and finally, and most astonishingly, conditioning the requested extension in this case on issues related to an

4

PLAINTIFFS' *EX PARTE* APPLICATION TO ENLARGE TIME TO FILE RULE 12(d)/56 OPPOSITION

**entirely separate case**. This battery of responses was in response to a simple, straight-forward request to extend this briefing schedule based on a national emergency.

Ghirardelli's counsel requested that Plaintiffs attach copies of the email communications. Plaintiffs hereby oblige. A true and correct copy of the email exchange is attached as Ex. A to the Theriault Decl. For the Court's convenience, they are recopied here:

In short, Plaintiffs' requests were more than reasonable. Ghirardelli and its counsel decided to play hardball. First, it denied Plaintiffs' request. Then, it conditioned acceptance on Plaintiffs' agreement on unrelated discovery issues in this case (ironically, after initially claiming that "there is absolutely nothing preventing the parties and attorneys from meeting the current schedule and keeping the motion proceedings on track.") Ghirardelli went on to condition acceptance in this case on Plaintiffs' counsel's agreement on unrelated discovery issues in **an entirely different matter**. All of this was followed up with a threat of Rule 11 sanctions. In short, Plaintiffs have demonstrated reasonable requests to obtain a stipulation before bringing this motion.

## IV.    CONCLUSION

Plaintiffs have demonstrated exigent circumstances justifying this *Ex Parte* application and their good-faith efforts to obtain a stipulation. The Court should grant Plaintiffs' application to extend their Rule 12(d)/56 opposition deadline from **March 25 to April 8, 2020**. Consistent with the Court's March 11 Order, Ghirardelli one week reply deadline should be extended from **April 1 to April 15, 2020**.

DATED: March 19, 2020                              **CLARKSON LAW FIRM, P.C.**
                                                    /s/ Matthew T. Theriault
                                                   Ryan J. Clarkson, Esq.
                                                   Shireen M. Clarkson, Esq.
                                                   Matthew T. Theriault, Esq.
                                                   Bahar Sodaify, Esq.

                                                   *Attorneys for Plaintiffs*